IN UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH WILLIAMS,

        Plaintiff,

v.

JOLITO, INC. D/B/A SSI SERVICES and JOHN SEPPY,

        Defendants.

Case No. 8:19-CV-00148

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KEITH WILLIAMS ("Plaintiff" or "Williams"), by and through the undersigned counsel, hereby sues Defendants, JOLITO, INC. D/B/A SSI SERVICES ("SSI") and JOHN SEPPY ("SEPPY") and states as follows:

**CAUSES OF ACTION**

1. This is an action brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§ 201, et. seq, and Florida contract law.

**PARTIES**

2. Plaintiff Williams, at all material times, was employed by Defendants in Hillsborough County, Florida.

3. Defendant SSI is a Florida Corporation with a principal address in Hillsborough County, Florida.

4. Defendant Seppy owns and operates Defendant SSI and resides in Hillsborough County, Florida.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 29 U.S.C. §216(b) because this action involves a federal question under the Fair Labor Standards Act.

6. Venue is proper in the United States District Court for the Middle District of Florida because Defendants conduct business in, and all of the events giving rise to Plaintiff's claims occurred in Hillsborough County, Florida, which is within the Middle District of Florida.

7. Venue is proper in the Tampa Division under Local Rule l.02(b)(5) since the action accrued in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

8. Defendant SSI is engaged in the business of commercial HVAC and appliance repair.

9. At all times material hereto, Defendant SSI was "an enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) and therefore is a covered employer subject to the wage and hour requirements of the FLSA including the payment of overtime wages to non-exempt employees.

10. At all times relevant, Defendant SSI had annual gross revenues of at least $500,000.00.

11. At all times relevant, Defendant SSI employed two or more individuals who, in the course and scope of their employment, handled items that were manufactured outside of the state of Florida and moved through interstate commerce.

12. At all times relevant, Defendant SSI employed two or more individuals who routinely handled and utilized electronic devices that were manufactured outside of the state of Florida and moved through interstate commerce.

13. At all times relevant, Defendant SSI employed two or more individuals who routinely handled and utilized office supplies that were manufactured outside of the state of Florida and moved through interstate commerce

14. At all times relevant, Defendant SSI employed two or more individuals who routinely handled tools and mechanical parts that were manufactured outside of the state of Florida and moved through interstate commerce.

15. Defendant Seppy owned, operated and managed SSI.

16. Through the exercise, dominion and control over all employee related matters, including pay policies at SSI, Defendant Seppy, in his individual capacity, was, at all times relevant, an employer within the meaning of 29 U.S.C. § 203(d) of the FLSA.

17. Plaintiff Williams was employed by Defendants from April 10, 2018 until December 9, 2018 as a technician.

18. Defendant Seppy exercised full control over Williams's wages, hours, and working conditions.

19. At all times material, Williams was an FLSA non-exempt employee of Defendants.

20. Defendants were obligated to pay Williams overtime compensation at a rate of one and one half times his regular hourly rate for all hours worked in excess of 40 in a workweek.

21. Defendants promised Williams a regular hourly wage rate of $32.00.

22. Defendants additionally promised Williams an hourly overtime rate of $48.00.

23. Defendants in fact paid Williams the promised regular and overtime rates throughout his employment except for the final week of his employment.

24. For the final week of his employment with Defendants (pay week ending December 9, 2018), Williams worked a total of forty-five and one tenth (45.15) hours.

25. Williams should have received total contractual wages of $1,527.20 for the 45.15 hours worked.

26. Despite Defendants' contractual obligations, they only paid Williams the Florida minimum wage of $8.25 per hour for the first 40 hours of work performed.

27. In addition, Williams was only paid one and one half (1 ½) times the minimum wage for the 5.1 overtime hours.

28. As such, of the $1,527.20 earned, Defendants only paid Williams $395.01.

29. Accordingly, Defendants owe Williams total contractual wages of $1,132.19.

30. Independent of their contractual obligations to Williams, Defendants were required under the FLSA to pay Williams $48.00 per hour, *i.e.* one and one half (1½) times his contractual wage rate of $32.00 per hour for each hour worked over 40 during his final workweek.

31. Williams earned $247.50 in overtime compensation during the final workweek of his employment, but was only paid $65.00 for the overtime hours.

32. Accordingly, Defendants currently owe Williams $182.50 (the difference between the total overtime earned and that which was actually paid by Defendants).

33. Defendants owe Williams an additional $182.20 in the way of statutory liquidated damages under the FLSA.

34. Williams has had to retain the undersigned counsel to bring the instant action for which attorney fees have been incurred and will continue to be incurred for said representation.

### COUNT I
*(Failure to Pay Overtime Wages in violation of the FLSA, 29 U.S.C. Section 207)*

35. Plaintiff re-alleges and adopts, as if fully set forth in Count I, the allegations in paragraphs 1 through 34.

36. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA and was therefore entitled to overtime pay at time and one-half his regular rate of pay for all hours worked in excess of forty (40) in a workweek.

37. During the relevant time period, Defendants routinely required Plaintiff to work in excess of forty (40) hours in a workweek

38. In violation of the FLSA, Defendants willfully failed to pay Plaintiff time and one-half his regular rate of pay for overtime hours worked during the final pay period of his employment with Defendants.

39. As a direct result of Defendants' violation of the FLSA, Plaintiff has suffered damages in the way of unpaid overtime compensation.

40. Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

41. Plaintiff is entitled to recover from Defendants the unpaid overtime compensation, and an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff, Keith Williams, demands judgment against Defendants for unpaid overtime compensation of $182.20, statutory liquidated damages of $182.20, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to § 216(b) of the FLSA), and such other and further relief that the Court deems just and proper.

### COUNT II
*(Breach of Contract - Defendant SSI)*

42. Plaintiff re-alleges and adopts, as if fully set forth in Count II, the allegations in paragraphs 1 through 34.

43. Defendant SSI promised to pay Plaintiff a regular hourly wage of $32.00 for work performed.

44. Defendant SSI also promised to pay Plaintiff an overtime pay rate of $48.00 per hour for work performed.

45. Defendant SSI failed to pay Plaintiff his full contractual hourly wages for all regular and overtime hours worked (excluding overtime hours) during the final week of his employment with Defendant SSI.

46. Said unpaid regular contractual wages total $949.99.

47. Said unpaid overtime contractual wages total $182.20

48. Plaintiff performed all conditions precedent to his receipt of these wages.

49. Defendant SSI has therefore breached its contractual obligation to Plaintiff.

50. Defendant SSI's breach has damaged Plaintiff by denying him the benefit of the bargain, i.e. full payment of all contractual wages owed to him.

51. Because the unpaid contractual compensation constitutes unpaid employment compensation, Plaintiff is entitled to recover his reasonable attorney's fees and costs pursuant to Fla.Stat. § 448.08.

WHEREFORE, Plaintiff, Keith Williams, demands judgment against Defendant SSI for unpaid contractual wages totaling $1,132.19, prejudgment interest together with the costs of suit and reasonable attorney's fees (pursuant to Fla.Stat. § 448.08), and such other and further relief that the Court deems just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury as to all triable issues.

Dated this 18th day of January 2019.    Respectfully submitted,

*s/ R. Michael Pierro, Jr.*
R. MICHAEL PIERRO, JR.
Florida Bar No. 0013023
*Trial Counsel for Plaintiff*

**LAW OFFICE OF
R. MICHAEL PIERRO, JR., P.A.**
146 Second Street North – Suite 310
St. Petersburg, Florida 33701
(727) 201-2573 | (727) 491-7072 – Fax
mikepierro@rmpemploymentlaw.com